859 F.2d 153
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jay T. WILL, Defendant-Appellee.
 No. 88-3494.
 United States Court of Appeals, Sixth Circuit.
 Sept. 22, 1988.
 
 Before BOYCE F. MARTIN, Jr. and DAVID A. NELSON, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellee's motion to dismiss the appeal for lack of jurisdiction on the basis that the appeal is premature. The appellant has responded.
 
 
 2
 A review of the record indicates that Will pleaded guilty to a federal narcotics charge and was sentenced on October 11, 1985. Over one year later, on December 22, 1986, defendant filed a motion pursuant to Fed.R.Crim.P. 41(e) seeking the return of seized property. The district court entered an order on May 23, 1988, granting in part and denying in part the return of the seized property. The defendant filed his notice of appeal from that judgment on May 31, 1988. The government served and filed its motion seeking reconsideration of the May 23 order on June 1, 1988.
 
 
 3
 It is generally recognized that the trial court, in the interests of judicial efficiency, is permitted to resolve disputes regarding seized property once the criminal proceedings have terminated. See Sovereign News Co. v. United States, 690 F.2d 569, 577 (6th Cir.1982), cert. denied, 464 U.S. 814 (1983); United States v. Francis, 646 F.2d 251, 262 (6th Cir.), cert. denied, 454 U.S. 1082 (1981); United States v. LaFatch, 565 F.2d 81, 83 (6th Cir.1977), cert. denied, 435 U.S. 971 (1978).
 
 
 4
 Because Will's motion was made at a time when the criminal proceeding was no longer pending, the request for return of the seized property is a civil equitable proceeding, notwithstanding the fact that the motion was styled under Fed.R.Crim.P. 41(e). See United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir.1987). We conclude that the Federal Rules of Civil Procedure govern the instant matter relating to the post-conviction motion for return of seized property.
 
 
 5
 This court lacks jurisdiction in this appeal. The government's motion for reconsideration of the May 23, 1988, order was served and filed on June 1, 1988, within the ten-day period prescribed by Fed.R.Civ.P. 59(e). This timely motion served to toll the appeals period. Fed.R.App.P. 4(a)(4). A notice of appeal filed before the disposition of a timely Rule 59(e) motion "shall have no effect. A new notice of appeal must be filed within the prescribed time from the entry of the order disposing of the motion...." Fed.R.App.P. 4(a)(4). A timely notice of appeal is mandatory and jurisdictional. Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978).
 
 
 6
 Accordingly, it is ORDERED that the motion to dismiss the appeal be and is hereby granted. Rule 8, Rules of the Sixth Circuit.